CRESCENT ELECTRIC MEMBERSHIP CORPORATION, Plaintiff-Appellee v. DUKE POWER COMPANY, Defendant-Appellant

No. COA96-674

(Filed 20 May 1997)

**1. Energy § 9 (NCI4th)— water treatment facility—"one premises"—right to choose electric supplier**

A water treatment facility constructed outside of a municipality is located on one tract or contiguous tracts of land which constitute one "premises" within the meaning of N.C.G.S. § 62-110.2(a)(1), and operators of the facility have the right under N.C.G.S. §§ 62-110.2(b)(4) and (6) to choose between two electric suppliers, where the water treatment plant is located in territory assigned to plaintiff electric supplier; the water compressor intake building and vacuum pump building are located in unassigned territory; portions of the facility are within 300 feet of defendant electric supplier's existing lines and also within 300 feet of plaintiff electric supplier's existing lines; and a city owns fee simple title to all of the land upon which the building and structures for the facility are located with the exception of two easements.

**Am Jur 2d, Energy §§ 169, 170, 183-191.**

**2. Energy § 9 (NCI4th)— electric service—choice of suppliers—duplication of services—legislative prerogative**

The legislature unequivocally set forth in N.C.G.S. § 62-110.2(b) the situations in which an electric consumer has a right to choose between competing suppliers, and it is not for the appellate court to determine the advisability of duplication of electric facilities so long as the specific facts of the case bring it within the scope of the statute.

**Am Jur 2d, Energy §§ 169, 170, 183-191.**

Appeal by defendant from order entered 12 February 1996 by Judge Loto Greenlee in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 February 1997.

**CRESCENT ELECTRIC MEMBERSHIP CORP. v. DUKE POWER CO.**

[126 N.C. App. 344 (1997)]

*Crisp, Page & Currin, L.L.P., by Cynthia M. Currin and Tyrus H. Thompson, and William R. Pope, for plaintiff-appellee.*

*Jeff D. Griffith, III, and Adams Kleemeier Hagan Hannah & Fouts, L.L.P. by W. Winburne King, III and D. Beth Langley, for defendant-appellant.*

WYNN, Judge.

This case involves the right to provide electric service to the North Mecklenburg Water Treatment Plant being constructed by the Charlotte-Mecklenburg Utility Department ("CMUD"). Drawing water from Lake Norman, this water treatment facility will include a water treatment plant, a vacuum pump building, a water compressor intake building and an underground pipeline to carry the water from the intake building to the treatment plant. All of these structures are essential and operate together to produce potable water.

Under authority granted by The Territorial Assignment Act of 1965 codified at N.C. Gen. Stat. § 62-110.2 (1989), the North Carolina Utilities Commission ("Commission") assigns the right to service certain rural territories to various electric suppliers. When CMUD completes the entire facility, the water treatment plant will be located in territory assigned to plaintiff Crescent Electric Membership Corporation ("Crescent") and the water compressor intake building and vacuum pump building will be located in unassigned territory. The connecting pipeline will extend through both unassigned territory and Crescent territory.

Portions of CMUD's facility will be constructed within 300 feet of existing Duke Power Company ("Duke Power") lines and also within 300 feet of existing Crescent lines. After considering proposals from both Crescent and Duke Power, CMUD selected Duke Power as the electric supplier.

In response, Crescent brought this action seeking to prevent Duke Power from providing electric service to the CMUD water treatment facility. The trial court issued a preliminary injunction enjoining Duke Power from building electric lines or facilities on territory assigned to Crescent and from providing electric power to CMUD's facility pending a final resolution on the merits. Duke Power moved for summary judgment. Following a hearing in which the trial court concluded that "the Plant is wholly located in territory assigned to Crescent EMC by the North Carolina Utilities Commission, and that

Defendant Duke Power Company may not lawfully provide electric service to the Plant", the trial court granted summary judgment in Crescent's favor and entered a permanent injunction against Duke Power. This appeal followed.

The issue on appeal is whether, under the facts of this case, CMUD has a statutory right under N.C. Gen. Stat. § 62-110.2 to choose its electric supplier. We hold that it does.

As a preliminary matter, we note that Duke Power neglected to include in its brief a statement of the questions presented for review as required by N.C.R. App. 28. However, since the issue on review is clear from the argument contained in defendant's brief, we choose to exercise our discretion under N.C.R. App. 2 and address the merits of this appeal.

[1] Duke Power contends that CMUD, as the consumer, has the right to choose its electric supplier under N.C.G.S. § 62-110.2 which provides:

(b) In areas outside of municipalities, electric suppliers shall have rights and be subject to restrictions as follows:

. . . .

(4) Any premises . . . located wholly or partially within 300 feet of the lines of one electric supplier and also wholly or partially within 300 feet of the lines of another electric supplier . . . may be served by such one of said electric suppliers which the consumer chooses . . . .

. . . .

(6) Any premises . . . located partially within a service area assigned to one electric supplier . . . and partially within 300 feet of the lines of another electric supplier . . . may be served by such one of said electric suppliers which the consumer chooses . . . .

In response to Duke Power's contentions, Crescent argues that subsection (8) of N.C.G.S. § 62-110.2(b), rather than subsections (4) and (6), controls in this case. Subsection (8) provides: "Every electric supplier shall have the right to serve all premises located wholly within the service area assigned to it . . . ." Cresent contends that subsection (8) gives it the exclusive right to supply electric power in this case because CMUD's new water treatment facility does not con-

stitute "one 'premises' " under N.C.G.S. § 62-110.2(a)(1) which provides:

> "Premises" means the building, structure, or facility to which electricity is being or is to be furnished; provided, that *two or more buildings, structures, or facilities which are located on one tract or contiguous tracts of land* and are utilized by one electric consumer for commercial, industrial, institutional, or governmental purposes, *shall together constitute one "premises," . . . .*

(emphasis added). The parties do not dispute that the subject water treatment facility will be utilized by one electric consumer, CMUD, for one of the purposes listed in the statute. Thus, to resolve the issue of whether CMUD has a statutory right to choose its own electric supplier, we must determine whether all the buildings and structures that make up CMUD's water treatment facility are "located on one tract or contiguous tracts of land" and therefore fit the statutory definition of "one 'premises.' " The record on appeal reveals that the City of Charlotte owns fee simple title to all of the land upon or under which all the buildings and structures for the facility will be constructed with the exception of an easement required by the Federal Energy Regulatory Commission ("FERC") for the raw water intake structure located in Lake Norman and a seventy foot strip of land originally condemned in fee simple for which this Court recently determined only the taking of an easement was justified.

Crescent argues that the FERC easement precludes the classification of the water treatment facility as "one 'premises.' " It further maintains that the water treatment facility is not "one 'premises' " since this Court recently reversed and vacated the fee simple condemnation of a 70 foot strip of property after determining that the City of Charlotte only needed an easement to accomplish the intended public purpose. Crescent contends that the statutory definition of "premises" necessarily implies that the electric consumer must own the one tract or contiguous tracts of land in fee simple. However, we find nothing in the plain language of the statute, and Crescent cites no applicable authority, which supports such an interpretation. Therefore, we hold that the buildings and structures of the CMUD facility are located on one tract or contiguous tracts of land, and thus constitute "one 'premises' " under N.C.G.S. § 62-110.2(a)(1).

[2] Crescent lastly argues that even if CMUD's water treatment facility constitutes "one 'premises,' " allowing Duke Power to provide

electric service would undermine the legislative intent of N.C.G.S. § 62-110.2 to avoid unnecessary duplication of electric facilities. We disagree.

Our Supreme Court addressed a similar argument in relation to N.C.G.S. § 62-110.2(b)(5) in *Utilities Comm. v. Electric Membership Corp.*, 275 N.C. 250, 166 S.E.2d 663 (1969). Like the subsection at issue, N.C.G.S. § 62-110.2(b)(5) provides for customer choice. In answering the question of whether the Commission erred by dismissing the appellant's complaint without inquiring whether there would be unnecessary duplication of electric facilities by the consumer's choice of electric supplier, the Court noted:

> It is for the Legislature, not the Court or the Utilities Commission, to determine whether a special provision should be made for the regulation of competition between electric membership corporations and public utility companies rendering electric service. Here, the Legislature has made that determination in clear, unequivocal terms. Consequently, it was unnecessary for the Utilities Commission to inquire into or determine the general economic or esthetic effect and advisability of the duplication of [the electric membership corporation's] line by [the public utility]. In view of the policy expressly declared by the Legislature, such determination by the commission would have been immaterial.

*Utilities Comm. v. Electric Membership Corp.*, 275 N.C. at 261, 166 S.E.2d at 671.

Following the reasoning in *Utilities Comm. v. Electric Membership Corp.*, we hold that the legislature unequivocally set forth in N.C.G.S. § 62-110.2(b) the situations in which an electric consumer has the right to choose between competing suppliers. Thus, it is not for this Court to determine the advisability of the duplication of electric facilities so long as the specific facts of the case bring it within the scope of the statute.

In conclusion, we hold that the entire water treatment facility constitutes "one 'premises' " as defined in N.C.G.S. § 62-110.2(a)(1). Consequently, N.C.G.S. § 62-110.2(b)(4) and (6) provide CMUD with the statutory right to choose its electric supplier. Thus, Duke Power, as CMUD's choice as electric supplier for the water treatment facility, is entitled to judgment as a matter of law. Since the trial court erred

HAGER v. LINCOLN NATIONAL LIFE INS. CO.

[126 N.C. App. 349 (1997)]

by granting summary judgment in Crescent's favor, we must reverse and remand for entry of summary judgment for Duke Power.

Reversed and remanded.

Judges MARTIN, John C. and MARTIN, Mark D. concur.